The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
March 27, 2025

**2025COA35**

**No. 25CA0094, *Miller v Bullock* — Appeals — Appellate Procedure — Interlocutory Appeals in Civil Cases**

A division of the court of appeals denies a petition for interlocutory review filed under C.A.R. 4.2 because the petition fails to meet, or plead, all the requirements under that rule.

Court of Appeals No. 25CA0094
El Paso County District Court No. 23CV32077
Honorable Gregory R. Werner, Judge

Aaron Miller,

Plaintiff-Appellee,

v.

Harold Oliver Bullock III and Raspberry Mountain Townhouses HOA,

Defendants-Appellants.

PETITION DENIED

Division A
J. Jones, Freyre, and Johnson, JJ.
PER CURIAM

Announced March 27, 2025

The Law Offices of Dianne Sawaya, LLC, Nathan T. Mattison, Jimoh Yussuf, Denver, Colorado, for Plaintiff-Appellee

Retherford, Mullen & Moore, Michael A. Watts, Colorado Springs, Colorado, for Defendant-Appellant Harold Oliver Bullock III

Lorber, Greenfield, & Olsen, LLP, Stuart D. Morse, Jeremy J. Carrier, Greenwood Village, Colorado, for Defendant-Appellant Raspberry Mountain Townhouses HOA

¶ 1    Defendant, Raspberry Mountain Townhouses HOA (the HOA), petitions this court under C.A.R. 4.2 to review the district court's denial of the HOA's motion to vacate a default judgment order entered against it.  Because the HOA's petition fails to satisfy the requirements for review under section 13-4-102.1(1), C.R.S. 2024, and C.A.R. 4.2, we deny the petition.

¶ 2    Under section 13-4-102.1(1) and C.A.R. 4.2(b), we may grant interlocutory review in a civil case when "(1) immediate review may promote a more orderly disposition or establish a final disposition of the litigation; (2) the order involves a controlling question of law; *and* (3) that question of law is unresolved."  *Affiniti Colo., LLC v. Kissinger & Fellman, P.C.*, 2019 COA 147, ¶ 12 (emphasis added).  Specifically, C.A.R. 4.2(d)(3)(B)(iii) requires that a petition filed pursuant to this provision include "[t]he reasons why immediate review may promote a more orderly disposition or establish a final disposition of the litigation and why the order involves a controlling and unresolved question of law."

¶ 3    The HOA's petition does not satisfy any of these requirements.  Instead, the HOA merely claims in its petition that "no other adequate remedy is available" and argues that this court's review

1

under C.A.R. 4.2 and reversal of the default judgment order would ensure that the case proceeds "more fairly and efficiently" to trial. While we construe this as an argument that immediate review may promote a more orderly disposition, it fails to satisfy the requirements of C.A.R. 4.2 because the court left unresolved for trial the adjudication of causation and damages with respect to the HOA, along with the plaintiff's claims against a codefendant. *Cf. S. Conejos Sch. Dist. RE-10 v. Wold Architects Inc.*, 2023 COA 85, ¶ 14 ("[I]nterlocutory review would not be appropriate if other defendants and other claims remained in the case . . . .").

¶ 4    Moreover, the HOA does not assert or establish in its petition the second and third requirements under C.A.R. 4.2(d)(3)(B)(iii) — that the order involves a controlling and unresolved issue of law. Rather, it cites numerous Colorado cases regarding default judgments.

¶ 5    Because the petition does not establish the requirements of C.A.R. 4.2(d)(3)(B)(iii), we deny the HOA's petition for interlocutory review.